EMILY HOWARD, ADM'X v. JOSEPH A. PATRICK, ADM'R.

*Administration—Claims against estates—Witness—Reversioner may sue for waste—Rents and profits—Impeaching evidence—Nondelivery of deeds.*

Where a witness has died, or is sick, insane or beyond the jurisdiction of the court, his testimony given on a former trial of the same issue between the same parties may be introduced.

In suits conducted by the heirs, assigns, devisees, legatees or personal representatives of a deceased person, the testimony of the opposite party as to matters which must have been equally within the knowledge of the deceased is excluded by Act 155 of 1875. *Held* that the act applied to an heir, who sued, however, as administratrix of another estate; but did not apply to an heir and distributee who had assigned her claim and was not interested in the result of the case.

So long as an administrator does not take or claim possession of his intestate's estate, he cannot recover rents and profits from heirs who had been tenants of the intestate and held over their term, especially when the rents and profits or a sale of the land were not necessary to the settlement of the estate.

The reversioner, not the administrator, is entitled to recover in trespass for waste committed by a tenant or by any person in wrongfully cutting timber.

Impeaching evidence is only for the contradiction of the witness, and cannot be independently used as primary evidence of the facts stated.

The non-delivery of a deed signed, acknowledged and recorded is not presumed from the grantor's remaining in possession for several months after it was put on record.

Where suit is brought for the value of crops alleged to have been converted, a deed to the defendant of the land on which they were grown, is admissible, under proper instructions, as tending to show his right to harvest them.

The fact that a deed is not to be delivered or take effect until after the grantor's death, will not prevent its taking effect at that time.

Where an administratrix of one estate brought a claim against another estate, and the defense gave evidence tending to show that the decedents were in partnership, and that defendant's intestate kept the accounts, a book of accounts in the latter's handwriting, and containing entries purporting to have been made in the presence of the other partner, was *held* admissible as tending to prove the co-partnership and the condition of the accounts.

An administrator cannot recover as to partnership property in proceedings against the estate of the other, where the proceedings are not brought to settle partnership affairs.

An administratrix, as such, brought a claim against an estate in which she was a distributee. *Held* that evidence that she had admitted that her personal claims were settled, was inadmissible.

Error to Wayne. Submitted April 10. Decided June 5.

APPEAL to the Circuit Court from an order of the Probate Court confirming the rejection by commissioners on the estate of John W. Pardee, of a claim of $9573 made on behalf of the estate of Joseph Pardee, by Emily Howard, administratrix, and disputed by Joseph A. Patrick, administrator of the estate of John W. Pardee. The appeal was heard and appellant recovered judgment for $8398.89 and costs, which was set aside. Upon a new trial appellant recovered judgment for $3788.11, which was also set aside. It was then ordered on motion of defendant that the appellant file a declaration, and an issue was framed accordingly. The declaration alleged among other things that Joseph Pardee was for many years a resident of Dearborn in Wayne county, and a farmer, and that he died intestate Nov. 21, 1859, leaving lands, cattle, grain and other property; that after his death John W. Pardee [his son] took possession of the cattle and sold them, being aided in so doing by his brother Andrew J. Pardee, who died May 13, 1864, bequeathing nearly all his property to John; that John also cut and sold 1600 cords of wood from land left by Joseph Pardee; and that he held over a ten years lease

which Joseph Pardee had made to him and to Andrew on
certain conditions; that John W. Pardee died intestate
Oct. 19, 1872; that there was no administrator on the
estate of Joseph Pardee until the claimant Emily How-
ard was appointed Jan. 5, 1875, and that she claims
that the estate of John W. Pardee is liable to her for
the value of all the property taken and used as hereto-
fore set forth, and for rent and interest.    Defendant
pleaded the statute of limitations and on the third trial
judgment was rendered in his favor and the claimant
brings error.

*Levi Bishop* for plaintiff in error.    An administrator
has the right to rents and profits from his decedent's
estate, *Kline v. Moulton,* 11 Mich., 382; when timber is
cut down and cut into cord-wood it becomes personal
property for which trover, trespass or replevin will lie,
and if sold, assumpsit, Bouvier's Dict., tit. Trees; 2
Selw. N. P., tit. Trover; 1 Washb. R. P., 12, 13, 144;
3 id., 347; *Brackett v. Goddard,* 54 Me., 313; *Cook v. Whit-
ing,* 16 Ill., 481; and an administrator can maintain
trespass for cutting it, 2 Saund. Pl. & E., 862; evidence
on irrelevant matters called out on cross-examination is
binding on the party who obtains it, even if brought out
for impeaching purposes, 1 Greenl. Ev., §§ 448, 462, 1
Stark. Ev., 104; *Dunn v. Dunn,* 11 Mich., 284; *Fisher
v. Hood,* 14 Mich., 189; the proof of recording a deed
is evidence of livery of seizin from date of record, 2
Washb. R. P., 443; where the date of acknowledgment is
later than that of the deed, no presumption of delivery
before the former date can arise, *Blanchard v. Tyler,* 12
Mich., 339; the record of a deed presumes delivery at
its date, *Jackson v. Cleveland,* 15 Mich., 94.

*C. I. Walker* for defendant in error.    Where a wit-
ness sworn upon a former trial of the same issue between
the same parties has died, his testimony is admissible
on the later trial, 1 Greenl. Ev., § 363; 1 Cow. & H.,

Phil. Ev., 389, n. 109 a; *Burson v. Huntington*, 21 Mich., 416; but this rule should not extend to witnesses who are sick, insane or outside the jurisdiction, *Powell v. Waters*, 17 Johns., 176; *Weeks v. Lowerre*, 8 Barb., 530; *Wilbur v. Selden*, 6 Cow., 162; *Crary v. Sprague*, 12 Wend., 41; *LeBaron v. Crombie*, 14 Mass., 234; *State v. Staples*, 47 N. H., 113; *Finn v. Com.*, 5 Rand., 708; *Brogy v. Com.*, 10 Gratt., 722; *Bergen v. People*, 17 Ill., 426; *Hobsen v. Doe*, 2 Blackf., 308; *Dupree v. State*, 33 Ala., 380; but see Buller's N. P., 239, 243; *Rex v. Eriswell*, 3 T. R., 707; the heir of an intestate is entitled to possession of the real estate if the administrator does not take it during administration, Comp. L., § 2904; *Streeter v. Paton*, 7 Mich., 351; *Marvin v. Schilling*, 12 Mich., 360; *Campau v. Campau*, 25 Mich., 127; only the owner of the inheritance can complain of waste, Taylor's L. & T., § 352; *Bewick v. Whitfield*, 3 P. Wms., 266; *Gordon v. Harper*, 7 T. R., 11; *Bulkley v. Dolbeare*, 7 Conn., 232; *Elliott v. Smith*, 2 N. H., 430; *Jackson v. Brownson*, 7 Johns., 233; *Moores v. Wait*, 3 Wend., 104; *Schult v. Barker*, 12 S. & R., 272; Act 155 of 1875 excluding testimony of facts equally within the knowledge of a deceased opponent applies to an administratrix suing an estate in which she is also a distributee, *Kimball v. Kimball*, 16 Mich., 215; *Wright v. Wilson*, 17 Mich., 201; *Munday v. Foster*, 31 Mich., 321; and to a mere distributee who is not a party to the record, *Manion v. Lambert*, 10 Bush, 297; *Stalling v. Hinson*, 49 Ala., 97; *Jenks v. Opp*, 43 Ind., 108; *Blood v. Fairbanks*, 50 Cal., 420; deliberate and intelligent admissions by a party are cogent evidence of their truth, 1 Greenl. Ev., § 201; 1 Phil. Ev., Cow. & H. notes, 462.

MARSTON, J. A large number of questions have been raised in this case. We do not however consider it necessary to refer to all, but only such of them as are likely to become important upon a new trial of the case.

I. The evidence of James Evans should have been

admitted. The authorities are all agreed that where a witness has been sworn upon a former trial between the same parties and upon the same issue, and since the trial, has deceased, his testimony as given upon the former trial is admissible. And while there is a conflict as to whether this rule may be extended to cases where the witness is sick or insane, or beyond the jurisdiction of the court, yet we are of opinion that upon principle the evidence should be admitted, and that there is no good ground for any such distinction. In a case like the present the witness is, to all intents and purposes, so far as these parties are concerned, legally dead. They can no more avail themselves of his personal presence in court than though he were in fact dead. The reason of the rule admitting his testimony in the one case is equally strong in the other, and we can see no good reason for recognizing any such distinction.

II. The claimant called Catherine Evans, a daughter and heir of Joseph Pardee, and offered to prove by her the acts and declarations of John W. Pardee, showing that after Joseph Pardee died, and in 1860, John W. Pardee sold, used and converted the fat cattle and other property in question to his own use. This evidence was objected to and excluded. In support of this ruling it was argued, that although the witness was not in the strictest sense a party to the record, yet she was a daughter of Joseph Pardee and one of the distributees of his estate; that such a person was within the letter and spirit of the act which prohibits certain parties from testifying to facts within the knowledge of the deceased and of no other person.

In connection with this question another somewhat similar in character, relating to the offer to show by the claimant Mrs. Howard, what John had told her, and to the effect that he was not a partner with her father. This was excluded upon the ground that she was the "opposite party" within the statute.

By the amendment of 1875, that portion of the stat-

ute applicable to this case reads as follows: "That when a suit or proceeding is prosecuted or defended by the heirs, assigns, devisees, legatees, or personal representatives of a deceased person, the opposite party, if examined as a witness in his own behalf, shall not be admitted to testify at all in relation to matters which, if true, must have been equally within the knowledge of such deceased person." Act No. 155, Pub. L. 1875, p. 184.

This provision was first enacted in 1861, and the only change made therein by the act of 1875 was to prevent the opposite party from being a witness where the suit is prosecuted or defended by the *heirs, assigns, devisees,* or *legatees* of a deceased person, these words not being in the act of 1861, so that as the statute was first enacted it excluded the opposite party from testifying in relation to certain matters where the suit was prosecuted or defended by the representatives of a deceased person. The amendment of 1875 in no way affects this question.

It is somewhat difficult to ascertain with certainty and carry out the intention of the Legislature in reference to this matter. If we give the statute a literal construction and hold that only parties to the record are rendered incompetent, the apparent intention might in some cases be evaded by an assignment of the claim, and a bringing of the action in the name of the assignee. If we seek to ascertain and carry out the intention of the Legislature, it might become necessary to reject some important words at present contained in this statute. My brethren are of opinion that Mrs. Howard comes clearly within the words of this statute, and that her evidence was therefore properly rejected.

It appeared that Mrs. Evans had, previous to the time she was called as a witness, assigned her claim, and that she no longer was interested in the result of the case. We are of opinion therefore, that under any view which might be taken of this statute, Mrs. Evans, under the circumstances, was a competent witness, and

that her proposed evidence should have been admitted. We therefore express no opinion as to whether she would or not have been a competent witness, had it appeared she was still interested in the action, although not a party on the record.

III. As to the claim for rent, John W. and Andrew J. Pardee were tenants of the estate of Joseph Pardee, under a lease given them by Joseph Pardee in 1859, and which was to expire in ten years from its date. Andrew bequeathed his interest in this lease to John, and died in 1864. John continued to occupy under the lease until August, 1869. Plaintiff in error offered to show that after the expiration of the lease John held over and continued to occupy the premises until the time of his death in October, 1872, and that said premises were worth the yearly rental of $500, which the claimant insisted she, as administratrix, was entitled to recover from the time the lease expired until John died.

This the court rejected. Joseph Pardee died intestate in the fall of 1859, leaving several children, John Pardee being one of them. No administration was taken out upon his estate until 1875, when letters were issued to the claimant as administratrix in January of that year.

In support of claimant's view, the position taken is that in holding over, John Pardee sustained the relation of tenant to the estate of Joseph Pardee and to the administrator thereof when one should be appointed; that the rents are *choses in action* till paid; as such they are personal property and go to the administratrix; that these rents could only pass from the estate of Joseph Pardee through an administrator, the right and title of whom thereto when appointed would relate back even to the death of the intestate. Citing *Cullen v. O'Hara*, 4 Mich., 132; *Morton v. Preston*, 18 id., 60; and *Gilkey v. Hamilton*, 22 id., 283.

This reasoning and the authorities cited are sound enough in a case where applicable. The difficulty in the

present case is that in order to reach and adopt this conclusion, we must overlook other well settled legal principles which, when recognized are decisive of the present question.

The real estate of a deceased intestate descends to the heirs, who alone are entitled to the possession, and to the rents and profits, subject to the payment of the debts of the deceased, in the absence of any statute otherwise disposing of it. The statute, Comp. Laws (1857), § 2904, in force at the time this claim for rent accrued, did not deprive the heirs of their inheritance, or their right to the possession of the real estate. They could enter into and remain in possession and in the enjoyment of the rents and profits thereof, until the executor or administrator took possession or claimed the right thereto under the statute. *Streeter v. Paton*, 7 Mich., 350. Until the administrator took or claimed possession under the statute the possession of the heirs was a rightful one, and they were not accountable to any person for the rents and profits thereof while so in possession.

Parties entitled to administration cannot, nor can an administrator when one is appointed, stand by and see the heirs in the possession and enjoyment of the real estate for a number of years, and then call them to an account for a fair rental value of the premises, more especially in a case like the present, where it does not appear that a sale of the real estate, or the rents and profits thereof, was needed in the settlement of the estate. In this case the personal property was ample without looking to the real estate. The court properly rejected the offered evidence.

IV. It was also claimed that John W. Pardee, while in possession of the real estate under this lease, and after the death of the lessor, wrongfully cut therefrom a large quantity of cord-wood and converted the same to his own use, and the claimant, plaintiff in error, sought to recover the value thereof, upon the theory

that the wood when severed from the realty, became personal property to which the administratrix became entitled.

The cutting of the timber into cord-wood under the existing circumstances in this case was clearly waste, for which the parties entitled to the reversion would have a remedy. The injury is one done to the inheritance, and the administratrix could not, upon the theory that a severance of the timber and cutting it into cord-wood thereby changed it into personal property, recover the value thereof in this manner. The parties entitled to the reversion might have sued and recovered upon this theory, but the claimant in this case could not. 1 Washburn on Real Property, 125, et seq. It has been held that the trees when severed from the freehold become the absolute and sole property of the reversioner, and that trespass would lie in his favor against any person removing them, even though it be the tenant himself. *Lane v. Thompson*, 43 N. H., 324.

There was no error in rejecting the offered testimony relating to this subject.

V. Exceptions were taken to the cross-examination of the claimant and Mrs. Evans, as a foundation for impeachment, as to what they had told certain persons they were to receive by allowance from their father, and what they did receive in full of their claims in the estate of their father Joseph W. Pardee; also to the testimony introduced thereafter by way of impeachment of these witnesses, and then using the evidence introduced by way of impeachment as primary evidence of the facts enquired about.

The difficulty in this part of the case must have grown out of the fact that the administratrix was one of the children and heirs of Joseph W. Pardee, and therefore a distributee of the estate. This cannot in and of itself make any difference: this case must be treated as though the administratrix was an entire stranger and had no interest in the estate except in her

official capacity. Whether these parties, the claimant and Mrs. Evans, had received a certain amount in satisfaction of their claims against the estate or not, could make no sort of difference, as this was not the proper place to settle and dispose of that question. Such a question properly arises when a distribution of the estate is attempted to be made. Even if such evidence could have. been properly admitted in this case, it could only prevent a recovery *pro tanto*. There were other children besides these, and a settlement by these two could in no way affect or prejudice the rights of others, or prevent the administratrix from recovering their full share of the estate. All of this evidence should have been rejected. The cases of *Cullen · v. O'Hara, Morton v. Preston* and *Gilkey v. Hamilton*, are decisive.

It was also error to permit this impeaching testimony to be used in argument or considered by the jury, as tending to establish the facts enquired about. It had no such tendency. Impeaching testimony goes only to the contradiction of the witness. Its whole force is spent in the effort to contradict and it has no effect beyond this. It may destroy the testimony of the witness sought to be impeached, but it cannot go beyond this and be used to establish any essential fact in the case. A moment's consideration of the · true import and character of impeaching evidence should satisfy any one of the correctness of these views.

VI. Testimony had been introduced by the defendant tending to show that a portion of the crops claimed in this case were raised upon lands owned by John W. and Andrew J. Pardee, and for this purpose they offered two deeds of certain lands from Joseph W. Pardee, one to John and one to Andrew, dated in 1855, and recorded July 30th, 1859. For the purpose for which these deeds were offered they were clearly admissible. It may be that it was not material who held the fee to these lands,— that the material question was, to whom did the crops belong,—but as important evidence bearing upon that

question, it was proper that the deeds should be intro-
duced and considered by the jury under proper instruc-
tions as to the effect and presumptions arising therefrom.
Had it been shown, as claimed, that these deeds had
never been delivered, their effect would thereby have
been destroyed. The law however would not presume
the non-delivery of a deed signed, acknowledged and
recorded, from the fact that the grantor had remained
in possession of the premises for several months after
the record of the deed. Nor would evidence tending to
show that these deeds were not to be delivered or take
effect until after the death of the grantor, prevent their
taking effect upon the happening of that contingency.
See *Thatcher v. Wardens etc. of St. Andrews Church*, 37
Mich., 269, and cases there cited.

VII. The defendant introduced evidence tending to
prove a co-partnership existing between Joseph Pardee
and John W. Pardee from 1854 to 1859, and that John
W. during this time kept the accounts relating to the
business.

He then offered in evidence a certain book of accounts
in the handwriting of John W., which purported to
relate to the partnership business, some of the entries
in which had been made in the presence of Joseph Par-
dee. This book was admitted, although objected to.

We are of opinion that in connection with the evi-
dence given relating to co-partnership matters, this book
was properly admitted, as tending not only to prove a
partnership in fact, but the condition of the co-partner-
ship accounts. We discover no error in reference thereto.

We do not consider it necessary to examine in detail
the several parts of the charge complained of. We
have already disposed of the material questions likely to
arise upon a new trial. Some portions of the charge
may not be quite so clear as it is desired a charge
should be, but all such doubtful matters can easily be
disposed of and avoided hereafter.

There was evidence in this case tending to show that

a co-partnership existed between Joseph Pardee and John W. Pardee, and the jury under the charge of the court and the verdict which they rendered, must have found that such a co-partnership did in fact exist. Should the jury under a new trial find such to be the fact, then as to all property properly pertaining thereto the claimant in this case would have no right to recover, as she is not proceeding upon the theory of closing up a co-partnership matter, and the charge of the court and finding of the jury upon this fact renders it unnecessary to consider several of the questions raised.

Whether the widow of Joseph Pardee could be entitled to the possession of any particular part of the household furniture and property of Joseph Pardee her husband, without an order of the probate court setting apart the same to her, would, under the facts in this case, be wholly immaterial. If she did take possession of any part, and John W. did not have possession or assume control over the same, he could not be held liable as for a conversion thereof. There was no error in the charge of the court upon this question of which the plaintiff in error can complain.

For the errors noticed the judgment must be reversed with costs and a new trial ordered.

The other Justices concurred.