HENRY KELLOGG AND GEO. W. BAKER v. JACOB SECORD.

*Notice of chattel mortgage—Witness.*

Where a mortgaged chattel is advertised for sale and sold subject to the mortgage, purchasers have sufficient notice of the mortgage to estop them from contesting it on the ground that it was not duly placed on file.

Where a witness is only temporarily absent from the State, and it does not appear that he has been subpœnaed or that any effort has been made to procure his testimony or personal attendance, his testimony given on a trial in another court between other parties, cannot be introduced.

Error to Jackson. Submitted Oct. 30. Decided Nov. 29.

TROVER by Secord against Kellogg & Baker for the conversion of about 200 bushels of wheat which had been levied upon while in his possession by virtue of an execution against Harley Woodward, and sold to defendants subject to a chattel mortgage in favor of plaintiff. The mortgage was filed in a town where the parties did not live. Upon the trial the defense offered evidence of a statement made by a witness upon a former trial between plaintiff and another defendant, and it was excluded. Plaintiff recovered and defendants bring error.

*John D. Conely* for plaintiffs in error. The testimony given by a witness upon a former trial of the same issue may be introduced if he is beyond the jurisdiction, *Howard v. Patrick*, 38 Mich., 795, and it is not necessary that the nominal parties to the record be the same, *Osborn v. Bell*, 5 Den., 370; 1 Phil. Ev. (4th Am. ed.), 401, 402, 390, 110, 111; see *Crary v. Sprague*, 12 Wend., 46; 1 Greenl. Ev., § 163; chattel mortgages shall be void as against creditors of the mortgager and subsequent purchasers and mortgagees in good faith, if they are not filed, Comp. L., § 4706; N. Y. Sess. Laws 1833, p. 402; Rev. Stat. 1846, p. 327, § 10; *Benedict v. Smith*, 10 Paige, 128; *Wood v. Lowry*, 17 Wend., 492; *Parshall v. Eggart*, 52 Barb., 372: 54 N. Y., 22; *Ely v. Carnley*, 19 N. Y., 499; *Farmers' L. & T. Co. v. Hendrickson*, 25 Barb., 489; even though notice of an existing mortgage has been given to judgment creditors, *Stevens v. Buff. & N. Y. R. R.*, 31 Barb., 590; *Van Heusen v. Radcliff*, 17 N. Y., 580; *Thompson v. Van Vechten*, 27 N. Y., 568; *Tyler v. Strang*, 21 Barb., 198; *Bank of Leavenworth v. Hunt*, 11 Wal., 391; *Sawyer v. Turpin*, 91 U. S., 119; *Hodgson v. Butts*, 3 Cr., 143; *Menzies v. Dodd*, 19 Wis., 343; *Kane v. Rice*, 10 N. B. Reg., 470.

*Austin Blair* for defendant in error. The statute requiring the filing of chattel mortgages is not designed to take advantage of mere mistakes, but to give notice to the public and thus prevent secrecy and bad faith, *People v. Bristol*, 35 Mich., 32; *Sheldon v. Warner*, 26 Mich., 408; *Kohl v. Lynn*, 34 Mich., 360; *Hubbardston Lumber Co. v. Covert*, 35 Mich., 259; the mortgagee's possession of wheat mortgaged to him is notice of his rights to execution purchasers, *Grimes v. Rose*, 24 Mich., 421; *Parsell v. Thayer*, 39 Mich., 467; filing is considered as notice, *Montgomery v. Wight*, 8 Mich., 149; *Woodruff v. Phillips*, 10 Mich., 507; *Cragin v. Carmichael*, 11 N. B. Reg., 511.

MARSTON, J. What effect the failure to file the chattel

mortgage might have had in this case we need not determine.   The officer advertised it for sale subject to the mortgage, and it was so sold.   This was a recognition of the fact that the mortgage was a valid subsisting lien on the property, and a notice to purchasers that they would stand in no better position than the mortgagor.   Parties purchasing under such circumstances could not well come into court and deny the validity of such a mortgage because not filed in the township clerk's office.

The court properly rejected the evidence offered to prove what Hutchinson had testified to in the justice's court case.   The witness was but temporarily absent from the State, and it did not appear that he had been subpœnaed, or that any effort had been made to procure his testimony or personal attendance at the trial.   The rule laid down in *Howard v. Patrick,* 38 Mich., 795, should not be extended to such a case.

The judgment must be affirmed with costs.

The other Justices concurred.