Thomson, P. J.,
delivered the opinion of the court.
Burnett and Deisher contracted with Emerson for the delivery to them by him of 300 tons of alfalfa hay at $3.00 per ton; the hay to be good, green and merchantable. Ninety tons, alleged to be of an inferior quality, were delivered, and no more. They brought this action against him to recover the damages claimed by them to have been sustained by reason of his breach of his contract. They had judgment below, and he appealed.
The evidence of the contract was objected to on the ground that it varied from the contract set up in the complaint. There was perhaps an inaccurate use of technical terms in the complaint, but, taking the whole pleading together, it alleged a contract substantially the same as the one proven, and we do not think; the objection well taken.
At the trial, the court, against the protest and objection of the defendant, permitted a witness for the plaintiffs tó testify to certain statements made by one Henry Dorr concerning the quality of the hay delivered, and the nondelivery of the residue. Mr. Dorr was the foreman of the defendant’s ranch, where the hay was grown and was to be delivered, and seems to have had a general supervision of the business carried on at the ranch. The question put to the witness did not confine the statements to any particular time, and it does not appear from his answer that they were made while Dorr was engaged in the transaction of any of the business to which they referred, or in the doing of any act in relation to the contract, either in the way of its performance or its violation. The objection was that the representations, or statements, or admissions of an agent, are not admissible against the principal, unless they are part of the res gestee. It is insisted for the plaintiffs that the question was proper, and the evidence-admissible, because Dorr was the foreman of the defendant’s, ranch, had charge of the business of the ranch, and was, for the purposes of such business, the defendant’s general agent. There is no rule better settled than that the declarations of *88 an agent, to be binding upon his principal, must be made concerning business which he is authorized to transact, and while he is engaged in its transaction. 1 Greenl. Ev. § 118; Railroad Co. v. O’Brien, 119 U. S. 99; Edmunds v. Curtis, 8 Colo. 605; Mechem on Agency, § 714. It does not appear that the statements of Dorr were made while he was delivering hay under the contract, or while he was doing any act which had relation to the subject-matter of the contract. The situation is not altered by the fact that Dorr had the general management of the ranch. As a general agent, he probably had authority to conduct a variety of transactions; but each one would be distinct from the other, and his declarations concerning a particular transaction could not be part of the res gestee unless made while he was engaged in that identical transaction. The principle of the rule applies to all cases of agency, whether general or special. See Haven v. Brown, 7 Greenl. 421, 424.
But counsel insist that the proof showed that when Dorr made the declarations, he was engaged in work rendered necessary by the contract. While there was no evidence that he was not, we do not find in the testimony to which we are directed as sustaining the contention, sufficient facts to authorize a conclusion that he was. We think the evidence was too indefinite to justify the admission of the agent’s declarations. In our opinion the question was improper, and the evidence inadmissible.
This cause was commenced and tried in the county court, and, from the judgment there rendered, appealed to the district court. At the trial in the county court, two witnesses testified for the defendant, and their testimony was taken down and preserved by the court stenographer. After that trial, and before the case was reached in the district court, those witnesses removed from the state; and, at the time of the trial in the latter court, one was in Iowa and the other in New York. The defendant offered the stenographic report of their testimony in evidence. It was agreed by counsel on both sides that the testimony had been correctly transcribed ; but the court refused to receive it, on the ground *89 that it was secondary evidence, and no proper foundation had been laid for its admission. On the question raised by the ruling there is an irreconcilable conflict of authority. Mr. Greenleaf states the rule to be that the testimony of a deceased witness, or a witness out of the jurisdiction, given in a former action, is competent evidence in a subsequent suit between the same parties, and involving the same issues. 1 Greenl. Ev. § 163, el seq. The rule, so far as we are able to trace it, is of English origin; and counsel for the plaintiffs in discussing the distinction between the absence of a witness “ beyond the seas,” — an expression used by the English authorities interchangeably with the expression, “ out of the jurisdiction,” — and the absence of a witness in another state from that in which the suit is pending, enter into some refinements of logic where we have no occasion to follow them. Concerning the admissibility of the testimony of a deceased witness, given at a former trial between the same parties, upon the same issue, there is no disagreement among the authorities ; but it is held in a large number of the American cases that the rule applies also to a witness residing in a state other than that in which the litigation is pending, for the reason that he is as much out of the reach of the process of the court as if he were in fact dead. Howard v. Patrick, 38 Mich. 795; People v. Devine, 46 Cal. 46; Magill v. Kauffman, 4 S. & R. 317; Omaha v. Jensen, 35 Neb. 68; Reynolds v. Powers, 96 Ky. 481; Sneed v. The State, 47 Ark. 180; Minn. Mill Co. v. Minn. & St. L. Ry. Co., 51 Minn. 304. On the other hand it is said that such evidence is admissible only upon a showing that after the exercise of due diligence the party offering the evidence has been unable to procure the deposition of the witness; and this view finds support in the decisions of a number of courts whose opinions are entitled to respect. Gerhauser v. Insurance Co., 7 Nev. 174; Slusser v. City of Burlington, 47 Iowa, 300; Berney v. Mitchell, 34 N. J. L. 337; Gastrell v. Phillips, 64 Miss. 473; Cassidy v. Trustees, 105 Ill. 560. We do not know on which side of the question the adjudications numerically preponderate; *90 but the principle involved is not to be determined by counting the decisions and going with the majority. The authority of a judicial utterance is somewhat dependent upon the reasoning of which it is the outcome. The courts all agree that conditions may exist which would authorize the introduction of the former testimony of an absent witness, but they disagree as to the character of the conditions; and while some hold that the fact that he is out of the jurisdiction is enough, it is the doctrine of others that the party desiring his testimony must first use due diligence to procure his deposition. It is only upon one theory that such diligence can be exacted, and that is that the testimony of a witness taken by deposition is better evidence than his testimony taken in court. We do not believe the theory to be sound. A deposition consists in the answers of the witness to such questions as are propounded to him on one side, and to such cross-interrogatories as may be put on the other; and, in like manner, his testimony in court consists in answers given on direct and cross-examination. The taking of his deposition is attended with certain legal formalities which are omitted when he testifies personally at the trial; but these formalities do not affect his testimony. They are necessary for the authentication of his testimony, when it is taken out of court, and also to protect the court and the adverse party against imposition; but for obvious reasons they are unnecessary when he is present in person at the trial, and testifies in the presence of the court. In the deposition his testimony is reduced to writing when it is given; and where, as was the ease here, the court is provided with an official stenographer, it is taken in shorthand as he proceeds, and can be accurately reproduced in longhand as occasion may require. In each case his testimony is preserved exactly as he gave it, and it is as authentic in one case as in the other. The purpose of a deposition taken out of court, — namely, the perpetuation of the testimony of the witness, — is equally well subserved by the taking down of his testimony as he gives it in court, and the only difference between the two records consists in *91 the manner in which they are made; precautions and formalities being necessary in one instance which are wholly useless in the other. Each sets forth the testimony accurately; and we cannot agree‘that the deposition of a witness taken in a foreign state, before an officer of that state, is evidence of a higher grade than the testimony of the same witness given in the hearing and under the eye of the court, and preserved in the language in which it was given. One elucidates the facts as well as the other, the authenticity of the one is as indisputable as that of the other, and we are unable to find any reason why both are not entitled to equal consideration.
It is suggested that between the original and the subsequent trial some new light may be shed upon the case, or some new knowledge obtained, which would necessitate changes in the questions asked the witness, or in the method of his examination or cross-examination; and that hence the testimony previously taken is not as good evidence as testimony taken with the new light or the new knowledge would be; but an argument along that line would, if it proved anything, prove too much. It would exclude a deposition used at the first trial. If additional information received after a trial had, would make it necessary to retake the testimony of an absent witness for use in a succeeding trial, it would be immaterial whether the former testimony was taken in or out of court. In either case the testimony must be taken anew. But the law is not so. A deposition duly and regularly taken in a cause, may, if the witness continues absent, be read not only on the first trial, but at every successive trial; and if a reason which affects equally both classes of testimony is insufficient to exclude one, it is insufficient to exclude the other.
The question of the right to use testimony given at one trial in subsequent trials of the same cause, has never been before - this court, and we are unable to find that it has ever been directly presented to the supreme court; but in an opinion delivered on a petition for rehearing in the case of *92 Rico R. & M. Co. v. Musgrave, 14 Colo. 79, the following language is used:
“The only matter suggested in the application for a rehearing is that we shall direct a money judgment in favor of appellees, on the ground that on a re-trial of this case there may be a failure of justice, occasioned by the lapse of time and the loss of witnesses by death or removal from the jurisdiction of the court. In case of such difficulty, it is well settled that the evidence taken at the former trial, and preserved by bill of exceptions, or otherwise, may be resorted to, in connection with any additional evidence; and thus a trial de novo, upon the whole case, with new findings of fact may be had.” This language perhaps, amounts to no more than a suggestion; but it is explicit, and indicates pretty clearly the opinion of the court on the question, and what its decision would be if the question were squarely before it.
What we have said concerning the admissibility of such evidence is confined to cases in which the testimony is taken down as it is given. What our decision would be, if, for the purpose of proving it, reliance should be had on the uncertain memory of witnesses who' heard it, we shall not, at this time, undertake to say; but we think that in this case the evidence which was offered should have been received. For the reasons set forth in this opinion the judgment will be reversed.

Reversed.