## SIEFERT v. SIEFERT.

EVIDENCE—SICKNESS OF WITNESS—TESTIMONY AT FORMER TRIAL—
TEMPORARY ILLNESS.

Illness of a witness does not justify reading in evidence her
testimony given on a former trial, where the illness is not of a
permanent character.

Error to Gratiot; Daboll, J. Submitted April 4, 1900.
Decided April 24, 1900.

*Assumpsit* by George N. Siefert against Jacob Siefert,
Jr., upon certain promissory notes. From a judgment
for defendant, plaintiff brings error. Reversed.

This was a suit upon two promissory notes, of $112.50
each. The defense is payment. Defendant gave testi-
mony tending to show that at a certain time, in his house,
he paid the plaintiff $193 in payment of the notes. The
case had once been tried, and defendant's wife was a wit-
ness, and testified that she heard plaintiff and defendant
"figuring, out in the kitchen." Plaintiff denied that he
was present at that time. Defendant testified that his
wife was sick, and unable to go out; was suffering from

nervous prostration; was under the doctor's care; that excitement made her nervous. On cross-examination, he testified that she was up and around the house; did some work; that she was getting better; and had been up and around the house for a week. Upon this showing, the court permitted her former testimony to be read.

*Edwin H. Lyon (Kelly S. Searl,* of counsel), for appellant.

*Leet & Moinet (John T. Mathews,* of counsel), for appellee.

GRANT, J. (*after stating the facts*). She was only temporarily ill. Her deposition might have been taken. Her testimony was important. I find no authority which holds that temporary illness is sufficient to justify the reading of the testimony taken upon a former trial. Where the illness is only temporary, certainly the opposite party should be allowed the choice to consent to a continuance or to the introduction of the former testimony. Counsel rely upon *Howard* v. *Patrick,* 38 Mich. 795. It must be conceded that the language there used is broad enough to include any case of illness. The character of the illness in that case does not appear in the opinion. The testimony was excluded. Upon examining the record, we find the offer was to prove that the witness, about five months before, had been struck with paralysis; had been confined to his house, and most of the time to his bed; had been ever since, and then was, insane, and unable to come to court, or to give his testimony or his deposition in the case. The language of the court must be construed in the light of the facts. The only safe rule is that the illness must be of a permanent character. We think this is the rule sustained by the authorities. 2 Jones, Ev. § 345; *Rex* v. *Hogg,* 6 Car. & P. 176.

Judgment reversed, and new trial ordered.

The other Justices concurred.