THE ATCHISON, TOPEKA & SANTA FE RAILROAD COM-
PANY v. M. H. OSBORN.

No. 12,215.   ( 67 Pac. 547.)

SYLLABUS BY THE COURT.

EVIDENCE— *Testimony at Former Trial.*  The testimony of a wit-
ness given at a former trial, which was taken and preserved by an
official stenographer of the court, as the law directs, is admissible
in evidence, where it appears that the witness is out of the juris-
diction of the court and beyond the reach of its process.

Error from Harper district court; G. W. McKAY,
judge.  Opinion filed January 11, 1902.  *In banc.*
Reversed.

*A. A. Hurd,* and *O. J. Wood,* for plaintiff in error.

*Sankey & Campbell,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.:  This action was brought by M. H.
Osborn against the Atchison, Topeka & Santa Fe
Railroad Company to recover damages for the destruc-
tion of wheat by fire alleged to have been negligently
started by the railroad company.  The first trial re-
sulted in a judgment in favor of Osborn, which upon
review was set aside, and the case was remanded for
another trial.  (*Railroad Co. v. Osborn,* 58 Kan. 768,
51 Pac. 286.)  At the second trial, the testimony of
three persons who had testified on the first was of-
fered by the railroad company and was rejected; and
this ruling is the principal error assigned for reversal
by the company, which was again the losing party.

It was shown that the witnesses were beyond the
jurisdiction of the court and the reach of its process,
and that one of them resided in another state.  It was
agreed that the persons referred to were called as wit-

nesses on the former trial, that they were examined
by defendant and cross-examined by plaintiff, and that
their testimony was taken down by the official stenog-
rapher, who appeared with the same ready to testify,
and that he was then able to read the notes and would
testify that they were correct.    The offered testimony
was unquestionably material and pertinent to the is-
sues in the case, and we think it should have been re-
ceived.    Under the general doctrine governing the
admission of such testimony, it was early ( led that
the testimony of a deceased witness upon a former
trial between the same parties was admissible, and
that it was not necessary to give the exact words of
the witness, but it was sufficient to prove the sub-
stance of such testimony. (*Gannon v. Stevens*, 13 Kan.
447; *Solomon Rld. Co. v. Jones*, 34 id. 443, 8 Pac.
730.)    The rule was upheld in a criminal case, where-
in the personal presence of the witness is of great im-
portance.    (*The State v. Wilson*, 24 Kan. 189, 36 Am.
Rep. 257.)    It was there held that the admissibility
of the testimony depended upon two essentials—one,
that it was given in a judicial proceeding between the
same parties, upon the same subject of inquiry, and the
other, that there was opportunity and power to cross-
examine.    As an authority, the court cited 1 Green-
leaf on Evidence, section 163, where the learned author
holds that the rule as to deceased witnesses is equally
applicable to witnesses who are outside the jurisdiction
of the court and out of the reach of its process.    The rule
laid down by Greenleaf was recognized in the case of
*Gilmore v. Butts*, 61 Kan. 315, 59 Pac. 645, where the
court had under consideration the admission of a copy
of a lost deposition.    It was there said that "the trend
of modern authorities is to the effect that if the wit-
ness, though not dead, is out of the jurisdiction, or

Railroad Co. v. Osborn.

cannot be found after diligent search, or is insane, sick, or unable to testify, or has been subpœnaed but appears to have been kept away by the adverse party, his testimony given at a former trial may be received."

The supreme court of Michigan holds that a witness who is beyond the jurisdiction of the court is, to all intents and purposes, so far as the parties to the litigation are concerned, legally dead. The process of the court can no more reach him, and the parties can no more avail themselves of his personal presence than if he were, in fact, dead. (*Howard v. Patrick*, 38 Mich. 795.) While there is some diversity of judicial opinion as to the admissibility of testimony given by a witness on a former trial, the great weight of authority, we think, sustains the Greenleaf rule. (*Minneapolis Mill Co. v. Minneapolis & St. Louis Ry. Co.*, 51 Minn. 304, 53 N. W. 639; *People v. Devine*, 46 Cal. 46; *City of Omaha v. Jensen*, 35 Neb. 68, 52 N. W. 833; *Young v. Sage*, 42 Neb. 37, 60 N. W. 313; *Perrin v. Wells*, 155 Pa. St. 299, 26 Atl. 543; *Magill v. Kauffman*, 4 Serg. & Raw. 317, 8 Am. Dec. 715; *Reynolds v. Powers*, 96 Ky. 481, 29 S. W. 299; *Shackleford v. State of Arkansas*, 33 Ark. 539; *Sneed v. State*, 47 Ark. 180, 1 S. W. 68; *Mattox v. U. S.*, 15 Sup. Ct. 337, 39. L. Ed. 409; *Brown v. Leuhrs*, 79 Ill. 575; *Sullivan v. The State*, 6 Tex. App. 319, 32 Am. Rep. 580; *Dean v. The State*, 89 Ala. 47, 8 South. 38; *Reese v. Morgan Silver Mining Co.*, 17 Utah, 489, 54 Pac. 759; *Emerson v. Burnett*, 11 Colo. App. 86, 52 Pac. 752.)

The provision made by statute for the taking of depositions does not militate against this rule. Testimony taken down word for word at a former trial, and preserved as the law provides, is evidence of at least as high grade as a deposition. The testimony is taken in open court, in the presence of parties and

witnesses, under the eye and supervision of the trial judge, where there is full opportunity to examine and cross-examine the witness, to search his motives, appeal to his conscience, and test his recollection and the accuracy of his statements. So taken, it must be as high order of testimony as a deposition taken upon interrogatories in the private office of a notary public, or other like officer, in some town or city remote from the one in which the trial is had. Under our system, where the words of a witness are taken as they fall from his lips and are recorded by an official stenographer who performs his duties under the sanction of an oath, the written testimony, being preserved as the statute directs, is likely to be more satisfactory and reliable than that taken in the form of a deposition.

The value of testimony taken and preserved under the modern system is well illustrated in *Wright v. Wright*, 58 Kan. 525, 50 Pac. 444, where it was held that "an official court stenographer who has correctly taken the testimony of a witness may read his notes of such testimony as evidence upon a subsequent trial, although he has no independent recollection of such testimony and can relate the same only by reading his notes thereof." See, also, *Emerson v. Burnett*, supra. The fact that, since the first trial, new facts may have come to light which would affect the examination of the witness or the value of his testimony, is no objection to the admission of his testimony given at a former trial, which was properly taken and preserved. Such an exigency might arise if the testimony were taken by deposition ; and the fact that additional information was received, or that additional testimony by the witness was a necessity, would not render the deposition first taken inadmissible. The

fact that additional testimony of a witness is taken cannot affect the admissibility of former testimony, whether taken in or out of court.

Several other objections are made to the rulings of the trial court, but we find no substantial error in any of them.   For the error, however, of excluding testimony taken on the former trial, the judgment must be reversed and the cause remanded for a new trial.

All the Justices concurring.