### D. T. McGOVERN v. HAYS & SMITH, RECEIVERS.

May Term, 1902.

Present: ROWELL, C. J., TYLER, START, WATSON, STAFFORD and HASELTON, JJ.

Opinion filed November 18, 1902.

*Evidence—Professional opinion—Discrediting witness—Testimony given on former trial—Expert testimony.*

In an action for personal injuries, a physician, who attended the plaintiff shortly after his injury, will only be allowed in direct examination to give his present opinion of the plaintiff's condition at the time he so attended him.

Assuming that this witness testified in direct examination that the plaintiff had an adhesion of the pleura to the chest, it was proper

cross-examination to show by him that many persons have such adhesions as marked as the plaintiff's.

The trial court may, in its discretion, allow it to be shown in cross-examination, for the purpose of discrediting the witness, that he has been convicted of an offense not involving moral turpitude.

In a civil action, it is proper to receive in evidence the testimony of a witness given on a former trial as transcribed by the official reporter, when such witness is without the state, though no effort to procure his attendance be shown.

An amateur, little experienced in taking photographs, who disclaims being an expert, may testify as a photographer, if the trial Court finds that he is competent.

In an action for personal injuries received in a collision with a locomotive, it is proper for the engineer to testify, after describing what he did to stop the train, that he did not know of anything more that could have been done to stop it.

CASE for personal injuries. Plea, the general issue. Trial by jury at the September Term, 1901, Washington County, *Munson*, J., presiding. Verdict and judgment thereon for the plaintiff, and he excepted.

*Gordon & Jackson* and *F. L. Laird* for the plaintiff.

It was material and admissible to show how severely the plaintiff was injured. Dr. Chandler should have been allowed to give his opinion of the plaintiff's chances of recovery, formed at the time he saw him shortly after the accident. *Railroad Co.* v. *Cassell*, 66 Md. 419.

The defendants should not have been permitted to show by Dr. Chandler that other people have adhesions of the pleura to the chest, or that such persons are able to do manual work. The evidence was too remote, irrelevant and incompetent.

It was error to allow the plaintiff in cross-examination to be inquired of concerning his conviction of selling liquor. The crime did not involve moral turpitude. *Redway* v. *Gray*, 31 Vt. 292; *Utley* v. *Merrick*, 11 Met. 302; *Brooker* v. *Coffin*, 5 Johns. 188; *Longhorne* v. *Com.*, 76 Va. 1016.

The testimony of Dr. Jacobs as given at the previous trial should not have been received. The foundation for its admission was not laid. There was no finding that the defendants had used due diligence in ascertaining his whereabouts, or made any effort to procure his attendance. Jones on Ev. s. 345; *Young* v. *Sage,* 42 Neb. 37; *Thompson* v. *State,* 17 So. Rep. 512; *Sullivan* v. *State,* 6 Tex. App. 319, 32 Am. Rep. 580.

The witness Child was not competent as a photographer. There was not sufficient evidence upon which the Court could adjudge the witness to be competent or to allow the photograph to be admitted as evidence.

The engineer of the locomotive had a right to tell what he actually did do, but the defendants had no right to show that he did not know of anything else to do. *Railroad* v. *Kirk,* 90 Penn. St. 15; *Guiteman* v. *Company,* 83 N. Y. 358.

*C. W. Witters* for the defendants.

HASELTON, J. This was an action on the case to recover for injuries sustained by the plaintiff at a crossing of a railroad managed by the defendants. A trial by jury was had, and a verdict was returned for the plaintiff to recover the sum of $4,250.00 as damages. Judgment was rendered on the verdict. The case was heard in this court on a bill of exceptions allowed to the plaintiff.

January 27, 1897, the plaintiff was going over the crossing in question, which was in Bolton, when he was run upon by a locomotive and train of cars. The plaintiff's evidence tended to show that his injuries were very severe and that they were solely due to the negligence of the defendants.

The plaintiff improved as a witness Dr. Charles Chandler, who saw the plaintiff two or three times within a week after the time of the accident, and offered to show by this witness that when he so saw the plaintiff it was his opinion as a

physician that the plaintiff had very little chance of recovery, and asked the witness the following question: "From the examination which you made on that first day—all you could see and learn about the man,—what was your opinion as a physician as to the probability of his living, his recovery at all?" The defendants objected, the Court excluded the question, and the plaintiff excepted. In this there was no error. The physician's opinion at the time of the trial was all the opinion evidence which he could properly give on direct examination. In support of his exception the plaintiff cites *Baltimore etc. Co. v. Cassell*, 66 Md. 419, 7 Atl. 805. But that case does not sustain the plaintiff's contention.

The second, third and fourth exceptions were to rulings permitting cross-examination of the same witness as follows: Q.—"Now, doctor, isn't it true that a large number of men have adhesions of the pleura to the lung? What do you say, doctor?" A.—"Yes, there are a large number of people who have adhesion of the pleura to the chest." Q.—"And isn't it true that a large number of men have adhesions as marked as Mr. McGovern's adhesion, who do physical labor to a large extent?" A.—"Yes." Q.—"Is it not true that when they have got such depression—or whatever you call it, as he has got, by reason of adhesion drawing in the chest, that men of his age do a great deal of work—physical work?" The witness was permitted to answer this last question also, but it does not appear what the answer was. There is nothing in the record to show what the doctor's testimony about adhesions, given on direct examination had been, and so there is really nothing upon which to predicate a claim of error in permitting the cross-examination above set out. Assuming, however, that the doctor had testified that the plaintiff had the indicated adhesion, and that the testimony tended to show that it resulted from the injury complained of, the cross-examination above

set out was proper.    The second and third questions bore upon the probable impairment of strength and ability to labor resulting from the adhesion, and the first of the three inquiries was fairly preliminary to the others.

The plaintiff was a witness, and for the purpose of discrediting him as such the defendants asked him if he had been convicted of selling intoxicating liquor, and confined in the House of Correction therefor, and elicited affirmative answers. The testimony was received under objection and exception, and the fifth and sixth exceptions relate to its admissibility. The offense of selling intoxicating liquor does not, in legal sense, involve moral turpitude.    It ranks, rather, with breaches of the peace by assaults and otherwise.    This being so, the plaintiff contends that the evidence was not admissible, and relies upon V. S. 1245, which reads: "No person shall be incompetent as a witness in any court, matter or proceeding, by reason of his conviction of a crime other than perjury, subornation of perjury, or endeavoring to incite or procure another to commit the crime of perjury; but the conviction of a crime involving moral turpitude may be given in evidence to affect the credibility of a witness."    This statute was enacted to remove a common law disability or incompetency, and at the same time it makes it a matter of legal right to attack the credibility of a witness by showing by independent evidence that he has been convicted of a crime involving moral turpitude.    But this statute does not limit the field of cross-examination which, in the sound discretion of the court, counsel may be allowed to go into with a view to shaking the credit of a witness.    In *State v. Shaw*, 73 Vt. 149, 50 Atl. 863, the respondent, when on the stand as a witness in his own behalf, was asked if, on a day named, he had not pleaded guilty to an assault, and answered that he had.    The evidence was held admissible as tending to affect his credibility.    It was held in that case that the mode of

proof was not in question; and the same might be held here if the Court regarded only the line of argument in the plaintiff's brief. But we think that if the trial Court, in its discretion, permits the conviction and imprisonment of a witness for an offense not involving moral turpitude to be gone into, the permission accorded should be exercised by way of cross-examination, and we are not prepared to say that the examiner inquiring about offenses of such grade is not bound by the answers of the witness. In *McLaughlin* v. *Mencke,* 80 Md. 83, 30 Atl. 603, it was held not error to permit counsel, on cross-examination of a witness for the purpose of discrediting him, to show that he had been convicted of drunkenness and confined in jail. As to the mode of proof the Court says: "While there is some conflict in the authorities and text-books, as well as reported cases, upon this subject, we think the more reasonable and practicable rule is that which does not demand the production of the record when the object, as here, is solely for the purpose of discrediting." In *Clemens* v. *Conrad,* 19 Mich. 174, the Court, speaking by COOLEY, C. J., says: "We think the reasons for requiring record evidence of conviction have very little application to a case where the party convicted is himself upon the stand, and is questioned concerning it, with a view to sifting his character upon cross-examination." See, also, *Wilbur* v. *Flood,* 16 Mich. 40, 93 Am. Dec. 203, and *People* v. *Cummins,* 47 Mich. 334, 11 N. W. 184. In Wharton's Criminal Evidence, Sec. 474, it is said: "In this country there has been some hesitation in permitting a question, the answer to which not merely imputes disgrace, but touches on matters of record; but the tendency now is, if the question be given for the purpose of honestly discrediting a witness, to require an answer." In *State* v. *Elwood,* 17 R. I. 763, 24 Atl. 782, the respondent, who was a witness in his own behalf, was examined as to a former conviction of crime, though the record of

such conviction was not produced, and the examination was held not to be erroneous.    We conclude that a witness may be cross-examined as to conviction and imprisonment whenever such conviction and imprisonment are proper to be shown.    As has been already intimated herein, it is not a matter of legal right in this State to show, in any way, the conviction of a witness of an offense not involving moral turpitude.    The question of the reception of such evidence must be determined by the sound discretion of the trial Court, and we are satisfied that there was no abuse of discretion in permitting the examination complained of.

One Dr. Jacobs had been improved by the defendants as a witness on two previous trials of this case.    On this trial the defendants, under objection and exception, were permitted to introduce the testimony of Dr. Jacobs as given at a previous trial.    The Court found that the witness Jacobs was without the State, that his absence was of a permanent character, and that his whereabouts at the time of this trial were unknown to the defendants.    The plaintiff claims that the admission of this evidence was error, because there was no finding of the Court that the defendants used due diligence, or any diligence, in ascertaining the whereabouts of the witness, or had made any efforts to procure his attendance.    No other reason for its exclusion is argued.    Under the rule laid down by both Stephen and Greenleaf, no such finding was necessary to make the evidence admissible, the case being a civil one.    Stephen's Dig. Ev., (Chase's Ed.) 108; 1 Greenl. Ev., (15th Ed.) 234.    The requirement of diligent search recognized by these writers is not applied by them to a case in which the witness is without the jurisdiction, as a careful reading of what they say clearly shows.    There is, however, some disagreement among the decided cases, and this disagreement is pointed out in a note in each of the above text-books.

On the findings of the County Court, the evidence of Dr. Jacobs was admissible under the rule applied in numerous cases, among which are the following:  *Magill* v. *Kauffman,* 4 S. & R. 317; *Howard* v. *Patrick,* 38 Mich. 795; *Omaha* v. *Jensen,* 35 Neb. 68; *Reynolds* v. *Powers,* 96 Ky. 481; *Minneapolis* v. *St. L. Ry. Co.,* 51 Minn. 304; *Emerson* v. *Burnett,* 11 Colo. App. 86, 52 Pac. 752; *Benson* v. *Shotwell,* 103 Cal. 163; *Atchison T. & S. F. R. Co.* v. *Osborne,* 67 Pac. 547; *Birmingham Nat. Bank* v. *Bradley,* 30 So. 546; *Kellogg* v. *Secord,* 42 Mich. 318; *City of Ord* v. *Nash,* 50 Neb. 335, 69 N. W. 964; *King* v. *McCarthy,* 54 Minn. 190; *Hill* v. *Winston,* 73 Minn. 80, 75 N. W. 1030.   When a witness is permanently without the State, the only object of requiring diligence in ascertaining his whereabouts would be that his deposition might be taken; but if he has already testified in open court in the identical case in which his testimony is desired, and his testimony has been fully taken by an official stenographer, so that it can be exactly reproduced, his testimony so taken is, at least, as satisfactory as his deposition could be.   This view of the matter is fully and satisfactorily discussed in the case of *Emerson* v. *Burnett,* above cited.   It is proper to be observed that, under a rule established by this Court, depositions that have been once used on trial may be thereafter used by either party.   In the case of *Magill* v. *Kauffman,* above cited, it was noted that a statute of Pennsylvania would have permitted the deposition of a witness to be used if it had been used on a former trial of the same case, and though the statute did not extend to the case of a witness who had testified in open court, it was held that a deposition and testimony in open court stood upon the same footing.   In one of the cases above referred to the absent witness whose testimony was offered had, as had the witness here, testified on two previous trials of the same case, and it was held

that the fact that his testimony on one of the previous trials was alone offered did not affect its admissibility.

On the findings made by the trial Court the offered testimony of Dr. Jacobs was properly received.   How the matter would stand if the case had been a criminal one is excluded from inquiry.   It is needless to suggest that were this a criminal case questions would arise which are not here presented, and which would demand careful consideration.

The defendants improved as a witness one A. F. Childs, and his evidence tended to show that soon after the accident he took a kodak view of the crossing in question.   Childs testified that he had taken but a few photographs previous to taking the one in question, and that he had not had any experience in the business of photography.   He disclaimed being an expert. The plaintiff's evidence tended to show that the photograph in question was inaccurate and could not have been taken at the time claimed.   The Court ruled, upon the above evidence, that the witness was competent to testify as a photographer, and thereupon the witness described how and when he took the photograph, and the photograph was admitted in evidence. The plaintiff had an objection and exception to the ruling that the witness was competent to testify as a photographer and to the admission in evidence of the photograph.   There was sufficient evidence to warrant the ruling, or, to speak more correctly, the finding that the witness was competent to testify as a photographer.   The fact that the witness did not consider himself an expert was by no means conclusive.   *Boardman* v. *Woodman,* 47 N. H. 120.   It was immaterial that such knowledge as he had of photography was not acquired in the pursuit of that art as a business.   The limited character of his experience went to the weight of his testimony rather than to his competency to testify.   It does not appear from the record that the photograph was admitted as independent evidence, and,

therefore, it will be presumed that it was admitted in connection with the testimony of the witness Childs as subsidiary evidence. No error is found in the action of the Court in respect to the testimony of the witness Childs, nor in the reception in evidence of the photograph.

The engineer on the train in question testified in behalf of the defendants as to what he did to stop his train when he saw there was likely to be an accident, and that he did not know of anything more he could have done to stop the train. The plaintiff had an exception to the admission of the latter part of the evidence so given on the ground that the witness should have been confined to what he actually did, and not have been allowed to state matters of speculation. But the witness did not state matters of speculation. It was material to know what the engineer did, and what, if anything, he left undone regarding the stopping of the train. It may be that the witness testified as an expert engineer without an express finding that he was such; but no objection was made on that ground. The objection made is not sustained.

One other exception to the admission of evidence was taken on trial, and appears by the record, but was abandoned in argument. This exception is, therefore, not considered.

*Judgment affirmed.*