Scaglioni, Appellant, *v.* Oriti, d. b. a.
Oriti's Wholesale Grocery, Appellee.

(No. 3933—Decided June 7, 1948.)

*Mr. Stanley Denlinger,* for appellant.
*Messrs. Squire, Sanders & Dempsey* and *Messrs. Slabaugh, Guinther, Jeter & Pflueger,* for appellee.

HUNSICKER, J. This is an appeal on questions of law. The plaintiff below (appellant here), Joe Scaglioni, says that the trial court erred in directing a verdict at the close of the plaintiff's case and awarding judgment thereon for the defendant below (appellee here), Joe Oriti.

Joe Scaglioni commenced an action on December 4, 1941, against Joe Oriti, alleging that on May 12, 1941, Oriti sold Mrs. Scaglioni food—to wit, a can of peas—that was unfit for human consumption, and that when the plaintiff ate the peas he became ill and suffered injuries, for which he asked to be compensated. The defendant answered by way of a general denial.

In February, 1948, at the trial in the court below, there was no evidence introduced showing anything unusual in respect to the peas as to odor, appearance or condition, and there is no evidence that any other person became ill from the eating of this food.

Plaintiff called as a witness the physician who attended him at the time he became ill. The physician, after certain qualifying questions, gave the following testimony:

"Q. Will you tell the court and jury as nearly as you can remember what was the condition in which you found Mr. Scaglioni when you called upon him at that time? A. He was quite ill. He had an attack of nausea and vomiting, with abdominal pain and distention, with a fever, and he was quite prostrated.

    \*        \*        \*        \*        \*

"Q. What did you diagnose his illness as at that time? A. I thought he had food intoxication, food poisoning.

\* \* \* \* \*

"Q. Dr. Bowlen, based upon your examination of the plaintiff in this case, in May of 1941, and upon the objective symptoms that you saw at that time, and have testified to, and the additional fact that the plaintiff had a short time before your examination eaten eggs scrambled in peas in olive oil, together with coffee and bread, what is your opinion as to the peas in that transaction having been spoiled and unfit for human consumption?

\* \* \* \* \*

"A. Yes, I thought they were.

\* \* \* \* \*

"Q. Let me ask you what is your opinion as to the peas being the cause of this plaintiff's illness at the time you examined him?

\* \* \* \* \*

"A. Yes, I thought they were."

These are the only questions and answers as to the cause of illness. The doctor was a competent witness, he could have testified to facts within his knowledge as attending physician, and, in accord with the rule that one skilled in a profession such as medicine may give opinion testimony, he was entitled to express his opinion as to the nature and the cause of the illness.

The opinion of an expert which must be taken as his evidence is his final conclusion at the moment of testifying. The physician examined the plaintiff in the early morning of May 13, 1941; he testified at the trial in February, 1948. We do not have the benefit of his opinion as of the time of trial. It may be that, after some thought and reflection on the illness, he would have a more mature and considered opinion on the subject.

All of the questions and answers related to the time of the illness, and not to what opinion concerning the cause of the illness the physician had at the time of giving his testimony.

Since the early case of *Runyan* v. *Price,* 15 Ohio St., 1, 13, 86 Am. Dec., 459, our Supreme Court has held that the opinion of a witness must relate to the time the witness is being examined.

The latest pronouncement of our Supreme Court on that subject is found in the case of *Hubach, a Minor,* v. *Cole,* 133 Ohio St., 137, 144, 12 N. E. (2d), 283, where the court said:

"The general rule seems to be that a medical expert should state the opinion he holds at the time he testifies, rather than the opinion held at some previous time. 22 Corpus Juris, 675, Section 764; *Lyons* v. *Chicago City Ry. Co.,* 258 Ill., 75, 101 N. E., 211; *McGovern* v. *Hays & Smith,* 75 Vt., 104, 53 A., 326. Compare, *Runyan* v. *Price,* 15 Ohio St., 1, 13, 86 Am. Dec., 459. Or, as it is expressed in *Perangelo's Case,* 277 Mass., 59, 64, 177 N. E., 892, 893, 'The opinion of an expert which must be taken as his evidence is his final conclusion at the moment of testifying.' "

There being before the jury no competent evidence of the medical expert as of the time of his testimony, connecting the eating of the peas with the appellant's illness, nor any other evidence except such as would permit only of guess and speculation, the Court of Common Pleas was justified in directing a verdict for the appellee.

The judgment is affirmed.

*Judgment affirmed.*

Doyle, P. J., and Stevens, J., concur.