Reynolds v. Powers.

CASE 78—PETITION ORDINARY—JANUARY 24.

# Reynolds v. Powers.

APPEAL FROM JEFFERSON CIRCUIT COURT, LAW AND EQUITY DIVISION.

1. EVIDENCE AS TO CONVERSATIONS WITH DEAD PERSONS.—The court
did not err in permitting plaintiff to testify as to conversations with
persons who were dead at the time of the trial, the conversations, if
the witness is to be believed. being had in the presence of defendant,
and he, in fact, being a participant therein.

2. COMPETENCY OF TESTIMONY OF WITNESS ON FORMER TRIAL.—A
witness who had testified on a former trial being at the time of the
last trial resident beyond the jurisdiction of the court, the court did
not err in permitting plaintiff to read to the jury his testimony as
incorporated in the bill of exceptions taken on the former trial.

3. SUIT ON FOREIGN JUDGMENT—INTEREST.—The suit being on the
record of a judgment of a court of a sister State, it was proper for
the court in instructing the jury to fix the amount they were to find
for plaintiff, if they found for him at all, and also to instruct them to
find interest on the amount from the date of the judgment sued on,
it being expressly provided by our statute that such judgments shall
be presumed, unless the contrary be shown, to bear interest as judg-
ments rendered in this State.

4. SAME—CLERICAL MISPRISION.—As the judgment sued on was rendered
for too much, as appears upon the face of the judgment, there being
a mistake in reciting the amount due after deducting a certain credit,
the lower court had the power to correct the mistake by directing the
jury to find the correct amount, and should have done so, the error
in the original judgment being merely a clerical misprision, and the
court rendering it having the power under the statute of that State,
which was given in evidence in this case, to correct it upon motion at
any time.

5. SAME.—The action of the lower court in carrying the mistake into the
judgment appealed from was not a clerical misprision, as the judg-
ment was based upon the verdict of a jury, and the excess in the
verdict was the result of an erroneous instruction.   Therefore, for the
error the judgment may be reversed without a motion first being
made in the lower court to correct it; but the case is not remanded:
for a new trial, but with directions to enter a credit for the proper
amount as of the date from which the judgement bears interest.

C. B. SEYMOUR FOR APPELLANT.

1. In a suit on a judgment of a court of a sister State the judgment is

Vol. 96—31.

Reynolds v. Powers.

always open to attack, no matter what the jurisdictional averments of the record. (Wood v. Wood, 78 Ky., 624; Public Works v. Columbia College, 17 Wall., 84; Thompson v. Whitman, 18 Wall., 457; Knowles v. Gas-light Co., 19 Wall., 58; St. Clair v. Cox, 106 U. S., 350.)

The exhibit filed with the plaintiff's petition shows that in the process the time for defendant to appear and plead is blank. Such a summons is a nullity. (Kitsmiller v. Kitchen, 24 Iowa, 163.)

The filing of a new record with the blanks filled out ought not to aid the matter.

2. The plea of limitation should have been sustained. Although plaintiff's action may have been properly *commenced* here, it can not be *maintained* if by reason of lapse of time it can not be *maintained* in Tennessee. The difference between *commencing* an action and *maintaining* an action is marked, and the change of expression in the statute is evidently intentional. (Gen. Stats., chap. 71, art. 4, sec. 18; Judiciary Act of 1790.)

3. Allowing plaintiff to testify to conversations with Father. Fortune, Father Walsh and Mrs. Mary Reynolds, all of whom are dead, was in violation of subsection 2 of section 606 of Civil Code. (Hurry v. Kline, 14 Ky. Law Rep., 330.)

4. The admission of evidence as to the identity of Reynolds with the person intended to be sued in Tennessee was prejudicial. The only question of identity is whether Reynolds was the person served with process

5. The issue of fact as to the Tennessee court's jurisdiction of the subject-matter was triable by a jury under instructions from the court, and the withholding of that issue from the jury is prejudicial error.

6. On the face of the papers, the judgment of the Tennessee court, by a clerical misprision, is for too much.

7. While by section 7 of chapter 60 of General Statutes, foreign judgments are presumed to bear interest, there is no such provision as to decrees. But even if the presumption as to judgments includes decrees, still the presumption being disputable can not relieve plaintiff from the necessity of stating the fact which she relies on the judgment to sustain, and in the absence of an averment that decrees bear interest by the laws of Tennessee there is nothing for a presumption to operate upon. (Gregory v. McFarland, 1 Duv., 57; Williams v. Gordon, 11 Bush, 696.)

8. The reading of Briswalder's testimony from the official report was an error to appellant's prejudice, as it did not in any way appear that the deposition of the witness could not have been taken. (Section 6, of act of March 1, 1872.)

BARNETT, MILLER & BARNETT of counsel on same side.

Reynolds v. Powers.

MATT O'DOHERTY FOR APPELLEE.

1. A mere denial of the jurisdiction of the Nashville Chancery Court is not sufficient. It is incumbent on the person assailing the jurisdiction in such a case to show its deficiency by specific averment. (Labrett v. Cook, 1 Clark, (Iowa), 8; Davees v. Connelly's Ex'ors, 4 B. M., 138; Galpin v. Page, 18 Wall., 355; Wilson v. Jackson, 10 Mo., 331; Wait's Actions and Defenses, vol. 7, p. 186; Newman's Pleading and Practice, p. 542; Shunway v. Stillman,. 4 Cow. (N. Y.), 292; 1 Smith's Leading Cases, 8 Am. Ed , p. 1143, and cases cited; *Idem,* p. 1130.)

2. The court properly sustained demurrer to plea of limitation. ·The word "maintained," as found in the statute, properly signifies only commenced or instituted. (Gen. Stats., chap. 71, art. 4, sec. 18; Boutiller's Adm'r v. Steamboat Milwaukee, 8 Minn., 97.)

3. The error in the amount of the judgment is a mere clerical misprision, and can not, therefore, be regarded by this court until a motion to correct it has first been made in the lower court and overruled. (Read v. Bank of Ky., 1 Mon., 92; White v. Richardson, 3 Mon., 176; Dodds v. Combs, 3 Met., 28; Hieronymous v. Mayhall, 1 Bush, 508; Long v. Gaines, &c., 4 Bush, 354; Doan v. Glenn, 1 Col., 456; Freeman on Judgments, 3d ed., sec. 72; Civil Code, sec. 516.)

In Tennessee the clerical error would not be available on appeal until an application had been made in the lower court to correct it. If the same faith and credit are to be given the judgment in this State the same rule must be followed.

4. The court did not err in allowing appellee to read to the jury the official stenographic report of the evidence of Briswalder, embodied in the bill of exceptions taken on the first trial. (Bayler v. Smithers, 1 Mon , 7; Singleton v. Singleton, 8 B. M., 368; Adeary v. Commonwealth, 3 J J. Mar., 185; Cantrell v. Howell, 2 Bush, 311; 7 Am. & Eng. Enc. of Law, p. 75.)

JUDGE GRACE DELIVERED THE OPINION OF THE COURT.

This case is now before us on a petition by appellant for a rehearing, and seeking a reversal of the judgment rendered herein by the Superior Court of Kentucky on the 19th day of December, 1894, whereby said court affirmed the judgment of the Jefferson Circuit Court (Law and Equity Division), appealed from by appellant, said judgment having been rendered in said court on the 21st day of June, 1893, and being for the sum

of two thousand two hundred and four dollars and twenty cents, with interest from the 2d day of November, 1875, at rate of six per cent. per annum, in favor of appellee against appellant.

The Superior Court, as appears by its opinion, seems to have given said cause a careful consideration, noting the chief matters of interest in issue between the parties, and especially the evidence and the findings of the jury on the question of the identity of the defendant in this suit with the same D. S. Reynolds sued in the Nashville Chancery Court, and the service of summons personally on him in said original action in the county of Davidson, State of Tennessee (this suit being founded on a judgment of said court); and upon those issues the Superior Court said the evidence was overwhelming against appellant, approving also the instructions of the court below, whereby said issues were submitted to the jury; likewise affirming the ruling of the lower court to the effect that the plea of the statute of limitation made by appellant was not well taken.

There were some minor matters presented by appellant's brief which said court did not particularly notice, as that the lower court erred in permitting appellee to speak of certain conversations with two Catholic priests in Nashville, Tennessee—Father Fortune and Father Walsh, both now dead—in reference to the original transactions with said D. S. Reynolds, out of which the suit of appellee grew. We find, on examination of the record, that said appellant was present at the time, and heard and was a party participant in said conversations (that is if appellee is to be believed), and thus, whether her testimony was

true or false, it was clearly competent. Appellant likewise objected to the testimony of one Briswalder, as read from the evidence incorporated in a bill of exceptions taken in this same cause on a former trial thereof, appellee showing on this trial, by oral testi- mony, that said Briswalder was now absent from the State, resident beyond its jurisdiction. Such ruling by the court below was correct, and has been often approved by this court.

Another objection claimed by appellant for a rehear- ing is that the judge below, himself, fixed by an in- struction the amount that the jury were to find for plaintiff, (if they found for him at all), and that he instructed the jury to find against appellant interest on that amount from Nov. 2, 1875, until paid. These rul- ings were quite correct, the suit being on the record of a judgment of a court of a sister State, and the ques- tion as to whether said judgment bore interest or not, being a question of law and not of fact, and the statute of Kentucky providing that judgments of courts of record of sister States shall be presumed (unless the contrary be shown) to bear a like rate of interest as judgments rendered in this State.

Yet, some other minor objections are still urged by appellant on matters of evidence used against him, but an examination shows the court ruled correctly on same.

There is one question, however, and only one, made by appellant, both in his brief to the Superior Court and in his petition for a rehearing, that demands con- sideration, and that seems to have been overlooked by the Superior Court; and that is, that there is and

was an error apparent on the face of the judgment rendered by the chancery court in Nashville, Tenn., in declaring the amount of the judgment against him  And that this error, while it may have been only a clerical misprision in and by said court at Nashville, yet that same error having now been, under a peremptory instruction by the court to the jury that tried this case in the Jefferson Circuit Court in Kentucky, embraced in their verdict and then made the judgment of the court below, we apprehend that same as it now stands can only be corrected by this appeal and on this petition for a rehearing.   The error alluded to consists in this, and is apparent on the face of the judgment of the Nashville Chancery Court. Said judgment recites, "that appellant Reynolds, having at two different occasions borrowed of appellee, Mrs. Powers, the aggregate sum of sixteen hundred dollars, and having executed to her his note for same, dated 23d day of January, 1866, and having a few days thereafter repaid her on said note the sum of three hundred and ten dollars, leaving a balance of one thousand three hundred and ninety dollars of principal due on said note, with interest on same from January 23, 1866, to date, it being nine years and nine months.    *    *    *    *    *    *    *    *    *
It is therefore ordered and adjudged by the court that complainant, Margaret Powers, recover of the defendant, D. S. Reynolds, the balance of the debt in the pleadings mentioned, of thirteen hundred and ninety dollars, and the further sum of eight hundred and fourteen dollars and twenty cents, the interest thereon up to the present time, making together the

:sum of twenty-two hundred and four dollars and twenty cents."

Thus, by inspection and on the face of said judgment, it will be seen that there is an error of one hundred dollars in the balance of the principal of the debt. Same was only one thousand two hundred :and ninety dollars, instead of one thousand three hun-·dred and ninety dollars as adjudged, and this error being also carried into the computation of interest, makes an error therein of fifty-eight dollars and fifty cents. Said interest should have been seven hundred .and fifty-five dollars and seventy cents, instead of eight hundred and fourteen dollars and twenty cents, and both said errors being carried into the final sum adjudged against Reynolds of two thousand two hun-·dred and four dollars and twenty cents, make an error in said amount of one hundred and fifty-eight dollars :and fifty cents. So that the final judgment in said court should have been for two thousand and forty-five dollars and seventy cents instead of two thousand two hundred and four dollars and twenty cents, and this to the prejudice of the rights of appellant. For this error only the rehearing asked for by appellant is granted, and both parties having heretofore freely presented this matter to the court by briefs, makes any delay in announcing the judgment of the court unnecessary, and this cause is now submitted.

In examining this matter it is clear that so far as the chancery court in Tennessee is concerned this was :a clerical misprision, and the law of Tennessee being :given in evidence on this trial, it appears they have a provision in their Code similar to the practice in Ken-

tucky, whereby errors of this kind may be corrected on motion at any time, without appeal. Appellee, however, concedes this to be a clerical misprision in the Nashville court, and, if we understand the brief of her attorney, claims it is still but a clerical misprision in the judgment of the trial court at Louisville, and so argues that same can not on this appeal be considered by this court as ground for reversal of his judgment, no motion having yet been made for its correction in either the court at Nashville, Tenn., or at Louisville.

In this contention, however, we do not concur. While this principle of clerical misprision has been applied to many states of case cited by appellee, yet we have been referred to no case in which it has been made to cover an erroneous instruction of a judge to the jury as' to the amount they should find, said instruction followed by a verdict embracing the same error, and this verdict, after the court's overruling a motion for a new trial, made the basis of the final judgment against appellant, all of which occurs in this case; and while it is not probable that this particular error now pointed out was specifically called to the attention of the trial judge in the court below, yet appellant did except to the instruction of the court given to the jury, whereby they were told that if they found for plaintiff at all, they should find for her and against the defendant in the sum of two thousand two hundred and four dollars and twenty cents, and interest from the 2d day of November, 1875. And again, on his motion for a new trial, one of the reasons filed was that the finding against him was, in

any event, for too large a sum, the language being sufficiently broad to cover any error discoverable in the record of the trial. As to the power and duty of the trial court in Louisville to have corrected this error made by the Tennessee court when attention was called to same, we apprehend that it is clear.

Mr. Freeman, in his work on Judgments, says that the full faith and credit enjoined by the Constitution of the United States to be given to all judgments of any State, when presented in the courts of any other State, supplemented as it is by the Judiciary act of Congress of May, 1790, all mean by this "full faith and credit," that the same faith and credit that is given by the State wherein said judgment was rendered, shall be given in and by the courts of every other State, where and whenever said judgment may be presented therein for adjudication. (2 Freeman on Judgments, sec. 559.)

Whence he declares and states the principle that whatever defences may have been made by a defendant against the judgment rendered against him in the State where rendered and after its rendition—the same defences may be made by said defendant in the courts of any other State where said judgment may be the subject of further judicial procedure, citing authorities in support of this principle.

And said author states further that such a defendant can make no other defence to the judgment in the State where the same may be up for inquiry than he could have made in the State where the judgment was rendered, and cites authority. (2 Freeman on Judgments, sec. 576.) So that we conclude that this right

of correction of this judgment by the Nashville court being clear, if presented there, the same right is equally clear, both on principle and authority, to have same corrected when presented here.

Wherefore, for the error indicated, the judgment appealed from is reversed, and this cause is remanded to the Jefferson Circuit Court; not, however, for the purpose of a new trial of the cause of action by a jury. This is wholly unnecessary, inasmuch as the error complained of was one of the court alone, and not of the jury. The court having, on the trial, taken this question of the amount of recovery from the jury, and by a peremptory instruction directed the jury that if they found for plaintiff at all they should find for her the sum of two thousand two hundred and four dollars and twenty cents, with interest on same from 2d day of November, 1875, until paid, this amount embracing the error before pointed out of one hundred and fifty-eight dollars and fifty cents, and being purely and solely an error of the court, and this matter standing wholly disconnected with all other issues made in said cause as to whether defendant was liable at all for any thing to plaintiff, and all other issues made having been by the jury found against defendant, and correctly so, as we think, it is, therefore, unnecessary that defendant should be put to the expense, time and delay of a new trial of all the issues made by a jury; but we adjudge that he is entitled to have this error complained of corrected by an order of the court below. And it is now ordered and directed by the court that on the filing of this opinion in the court below, that said court set aside the judg-

ment in favor of plaintiff against defendant for the sum of two thousand two hundred and four dollars and twenty cents ($2,204.20), with interest on same from the 2d day of November, 1875, at six per cent. per annum until paid, and costs, and that said court in said cause in lieu thereof render a judgment in favor of plaintiff and against the defendant for the sum of two thousand and forty-five dollars and seventy cents, with interest on same at the rate of six per cent. per annum, from the 2d day of November, 1875, until paid, and his costs therein expended.

Appellant will recover his cost on this appeal.