## New York Life Insurance Company v. Long.

(Decided October 20, 1925.)

### Appeal from Logan Circuit Court.

1. Evidence—Physicians Held Qualified to Express Expert Opinion on Question Whether Risk would have been Accepted.—Physicians, who for several years had been acting as medical examiners for life insurance companies, noting class of applicants accepted, held qualified to express expert opinion as to whether particular applicant would have been accepted, had he correctly represented facts.

2. Evidence—Hypothetical Questions as to Whether Risk would have been Accepted, Had True Facts been Disclosed, Held Not to Reflect Evidence.—Where applicant, who misrepresented extent of his use of intoxicants, was shown to have at one time been treated for acute alcoholism, then totally abstained for two years, then used moderately for several months before making application for insurance, hypothetical questions, asked experts, as to whether applicant would likely have been accepted, had he disclosed true facts, which took no account of applicant's moderate indulgence just preceding application, held not to reflect evidence, answers thereto insufficient to support affirmative finding.

3. Witnesses—Hypothetical Questions Propounded to Experts Must Reflect Evidence.—Hypothetical questions propounded to experts must reflect true state of facts in evidence.

4. Evidence—Proof That Insurer Was Substandard Company, and would Accept Risk Not Generally Accepted by Others, Held

Competent.—Proof by insurer that, had true facts been shown, risk would not have been accepted, held to render competent proof that insurer was a liberal or substandard company, and would accept risks not generally accepted by others.

LEO T. WOLFORD, WILLIAM MARSHALL BULLITT and BRUCE, BULLITT, GORDON & LAURENT for appellant.

S. R. CREWDSON, COLEMAN TAYLOR and S. Y. TRIMBLE for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE— Reversing.

As part of his application for life insurance to the amount of $1,500.00, Anthony F. Long, in answer to the following questions, made the following answers: "4A. Have you now any connection, direct or indirect, with the manufacture or sale of wines, spirits or malt liquors? Ans. No. B. Have you ever had any such connection? Ans. No. 5A. What is your daily consumption of wines, spirits or malt liquors? Ans. None. 5B. Have you at any time used any of them to excess? Ans. No. 9. What illnesses, diseases or accidents have you had since childhood? Ans. Typhoid fever; No. of attacks, one; date, 1895; duration, six weeks; severity, moderate; results, recovery. 10A. How long since you have consulted or have the care of a physician? Ans. 1895. B. If so, for what ailment, name and address of physician? Ans. Typhoid; Dr. Alderson, Russellville, Ky." After his death appellee, the beneficiary, sued appellant, the insurer, to recover under the insurance contract the amount of the insurance. Appellant denied liability upon the ground that the representations contained in the answers above were material and that the answers were false.

Three previous appeals have been prosecuted to this court. The opinions may be found in 177 Ky. 445: 193 Ky. 19, and 199 Ky. 133. Reference to the previous opinions will disclose the questions presented and determined.

The falsity of the answers to questions B, 5B, 9, 10A, and B, was established by uncontradicted evidence, in that it was shown that for ten years prior to December 6, 1906, insured was employed by a wholesale liquor house, and on the latter date was discharged for drunkenness; that he then used intoxicants to excess until

some time in 1907, when for a period of three weeks he was treated at Beechhurst Sanitarium for acute alcoholism.

The evidence for appellee tended to establish that after treatment at Beechhurst in 1907 until he went to Wyoming to live in 1909 he did not drink intoxicants at all. No witness testified for appellee as to whether or not, after going to Wyoming in the fall of 1909 until March 6, 1910, the date he applied for insurance, the insured used intoxicants. The appellant introduced evidence that in January, February and March, 1910, insured was drinking, moderately, however, and not to intoxication. He died in September, 1910, from delirium tremens.

As was settled by the last previous opinion in this case, the question for determination was whether or not appellant insurance company, acting reasonably and naturally in accordance with the practice usual among life insurance companies, would have accepted the application and issued the policy sued on if in answer to the questions insured had stated the substantial truth in accordance with the facts proved. By the last previous opinion herein the judgment was reversed upon the ground that no competent testimony was introduced for appellee tending to establish that under those circumstances appellant would have accepted the application and issued the policy.

Upon the trial resulting in the verdict and judgment appealed from herein, at the close of the testimony appellant moved the court to peremptorily instruct the jury to find for it. The court overruled the motion, and holding that sufficient testimony had been introduced for appellee to make it a question for the jury, submitted the question to the jury in an instruction wholly in accord with the last previous opinion herein. Appellant insists that the trial court erred in not sustaining its motion for a peremptory instruction, upon the theory that there was no competent evidence tending to establish that if substantially true answers had been made by the applicant, appellant, acting reasonably and naturally in accordance with the practice usual among life insurance companies, would have accepted the application and issued the policy.

It is insisted, first, that, measured by the rule laid down in the last previous opinion herein, none of the witnesses who testified for appellee upon the last trial quali-

fied as being experts and competent to testify upon that
question.   The previous opinion can not be given the
narrow construction placed upon same by appellant   It
is insisted that under it none save those engaged for in-
surance companies in the actual business of passing upon
the desirability or nondesirability of insurance risks and
accepting or rejecting applications for insurance are
qualified to testify upon the question involved herein.
We can not agree with that contention of appellant.
Three regularly licensed and practicing physicians of
many years' standing testified for appellee herein.   It ap-
pears that each of them had been for many years a medi-
cal examiner for a number of life insurance companies
and in the course of his professional services along that
line has had occasion to and has observed the custom and
practice prevailing among life insurance companies gen-
erally in considering and taking action upon applications
for life insurance.   This court in the previous opinion
rejected as incompetent the testimony for appellee be-
cause:

> "None of the witnesses qualified themselves as
> experts in passing upon the desirability of risks by
> those engaged in the life insurance business, or
> showed a familiarity with facts and conditions en-
> tering into the determination of that question."

That can not be said of the three physicians who tes-
tified for appellee upon the trial of this case.   Their pro-
fessional work for life insurance companies in making
medical examinations for applicants for insurance ex-
tending over many years' time peculiarly qualified them
to know what risks were considered desirable and what
nondesirable by life insurance companies generally and
what the general custom of those engaged in the insur-
ance business was with reference to the acceptance or re-
jection of applications under given states of cases.   It
can not be held that the witnesses on the question in the
last trial of this case failed to qualify themselves as com-
petent to testify.

Appellant urges, however, that if we should so hold,
yet the hypothetical questions propounded to the wit-
nesses for appellee did not disclose the true facts proved.
Therefore, it contends that the opinion expressed by
them, that in accordance with the custom usually prevail-
ing among those engaged in the life insurance business
insured's application would have been accepted and the

policy sued on herein would have been issued if he had given substantially true answers to the questions asked him, not being based upon the true state of facts disclosed by the testimony herein, was not sufficient testimony to take the case to the jury. For that reason it insists a peremptory instruction should have been awarded.

We have examined carefully the hypothetical questions propounded to appellee's witnesses and we find that appellant's objection to them is well founded. While those questions submitted to the three physicians the fact that formerly the applicant had been addicted to excessive use of whiskey and for the time indicated had been employed by a wholesale whiskey house as bookkeeper and had suffered from acute alcoholism and had been treated for three weeks in a sanitarium for that trouble, yet all the questions propounded to those witnesses carried as part of the hypothetical state of facts the fact that for three years before the application for the insurance policy was made the insured had not used intoxicants, but had been sober and abstemious, and the answers given by those witnesses to the questions propounded necessarily were based upon the hypothetical state of facts embraced in the questions. It is fundamental that hypothetical questions propounded to the experts must reflect the true state of facts in evidence. The evidence for appellee tended to establish that after being discharged from Beechhurst Sanitarium in 1907 until he left for Wyoming in the fall of 1909 the applicant, Anthony F. Long, did not drink intoxicants and was sober and abstemious. The testimony for appellee did not cover any of the period of time between the fall of 1909 when applicant went to Wyoming to live and March 6, 1910, the date when he made application for the insurance policy sued on herein. Appellant established by proof that during the months of January and February and up to March 6, 1910, applicant was using intoxicants in moderation. The materiality of that evidence and of that fact in considering the question submitted to the expert witnesses can not be questioned. The evidence of the experts who testified for appellee in response to a hypothetical question which did not embrace that material fact disclosed by the evidence can not be considered competent testimony to establish that if the applicant had disclosed the true facts in response to the questions propounded to him the life insurance policy sued on herein would have been issued and delivered to him. All of those questions were ob-

jected to by appellant, and the trial court erred in not sustaining the objection for the reason indicated. Hence, there was no competent evidence that the insurance policy sued on would have been issued if the applicant had disclosed the truth in answer to the questions propounded to him, because the hypothetical questions did not reflect in the particular pointed out the true state of facts proved herein. The motion for a directed verdict for appellant for that reason should have been sustained.

It is insisted for appellant that the trial court seriously erred, in admitting over its objection testimony showing that the appellant is a liberal or substandard company and that it would accept risks which life insurance companies generally would not accept. We find the record to disclose evidence to that effect from the mouths of appellee's witnesses. We agree that the general rule is that such testimony is incompetent. It was not a question as to what appellant would or would not have done with reference to the application of Anthony F. Long for the insurance policy sued on if he had made truthful answers to the questions propounded to him as a part of his application, but the question was what would have been done by one acting reasonably and naturally in accordance with the practice usual among life insurance companies. It seems to the court, however, that appellant is in no position to complain of that particular incompetent testimony in this case, because it proved by its witnesses who testified, first, not only what the custom generally was among those engaged in the life insurance business with reference to the acceptance or rejection of an application under facts similar to those developed with reference to the application of Anthony F. Long, but by each of its witnesses it proved also that if the insured, Anthony F. Long, had disclosed the truth appellant insurance company would have rejected his application.     In other words, appellant company by its testimony, without regard to what those engaged in the insurance business, acting in accordance with the general custom on the question, would have done if the truth had been disclosed by applicant, also proved that if the truth had been disclosed it would have rejected insured's application. That proof for appellant rendered competent the proof for appellee complained of by it, which otherwise would have been incompetent.     •

For the reasons indicated the judgment is reversed and cause remanded for a new trial consistent herewith.