## Hickman v. Lay.

(Decided March 22, 1929.)

STEPHENS & STEELY for appellant.

W. R. HENRY and R. L. POPE for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

This suit was brought by the appellee against the appellant to recover rent for a storeroom owned by the appellee, and which he claimed the appellant had rented from him under a rental contract dated March 25, 1926. The appellee also sought to recover for two plate glass windows which had been broken while the premises were occupied, as appellee claimed, by the appellant, and which, under the claimed lease, it was the duty of the appellant to restore when he yielded up possession of the demised premises. From a judgment in favor of the appellee for the full amount sued for, this appeal is prayed.

Appellant insists that he was entitled to a peremptory instruction, or, failing that, to a new trial on the ground that the verdict was flagrantly against the evidence because the appellee failed to establish any lease between him and the appellant or any occupancy of the premises by the appellant. The evidence on this point was in conflict, and it was for the jury to say whether it believed that of the appellee or not. If it did, it was warranted in believing that the appellee did have the lease with the appellant which he claimed to have.

It is next urged that the instructions were erroneous but we have examined them and find nothing in them prejudicial to any substantial right of the appellant.

It is next claimed that appellant was entitled to a new trial because of newly discovered evidence. The court properly denied the appellant a new trial on this ground. The newly discovered evidence which was to the effect that appellee had sued some third parties upon a lease which covered in part the premises during the same period as that for which the appellee here sought to hold the appellant was explained by the appellee on the ground that, in releasing the premises to the appellant, he did so in order to minimize the damages which he was seeking against these third parties who had leased and abandoned the premises prior to the appellant's lease, and that he had credited these third parties in the suit he had against

658

them by the rent he was seeking from the appellant in this action. This explanation was not controverted.

This case, however, will have to be reversed because the court told the jury, if it should find for the appellee, it should find for him in the sum of $450. This sum was designed to cover the rent, the amount of which it owed was not in dispute, and the cost of the two plate glass windows which also was not in dispute. The total of these two sums came to but $427.50, so that the court erroneously instructed the jury about the amount of recovery to the extent of $22.50. However, under the rule applied in the case of Security Benefit Association v. Kibby, 220 Ky. 330, 295 S. W. 164, this judgment will be reversed not for a new trial, but with instructions to the lower court to enter a judgment in behalf of the appellee in the sum of $427.50. The motion for an appeal is therefore sustained, the appeal is granted, and the judgment is reversed, with instructions to enter the judgment hereinbefore set out.