**TRAVELERS INSURANCE COMPANY,**
**Appellant,**

v.

**Lillian F. THOMPSON, Appellee.**

Court of Appeals of Kentucky.

Oct. 20, 1961.

Rehearing Denied March 23, 1962.

H. R. Wilhoit, Grayson, for appellant.

Creech & Cox, Ashland, for appellee.

**520**

WILLIAMS, Judge.

On June 1, 1957, appellant, the Travelers Insurance Company, renewed a group life insurance policy covering employees of the General Telephone Company of Kentucky. Appellee, Lillian F. Thompson, an employee of the telephone company, was issued a certificate of insurance with total coverage of $7,200. Appellee quit work in October, 1957, and thereafter filed claim for total disability. The claim was denied and appellee filed suit on the insurance policy. A jury found for appellee and the judgment provided that permanent total disability benefits in the amount of $7,200 be paid in accordance with the provisions of the policy. From that judgment this appeal is prosecuted.

The insurance policy sued on provides in part as follows:

"If any employee shall furnish the company with due proof that, while insured under the Group Life Policy and before having attained the age of sixty, he has become wholly disabled by bodily injuries or disease, and will be permanently, continuously and wholly prevented thereby for life from engaging in any occupation or employment for wage or profit, * * *."

This is a nonoccupational policy, thus it is incumbent upon appellee to prove total disability to engage in any occupation albeit the gain or profit to be derived therefrom must be something substantial rather than nominal. Mutual Life Ins. Co. of New York v. Bryant, 296 Ky. 815, 177 S.W.2d 588, 153 A.L.R. 422. Appellant insists appellee failed to prove such disability while insured under the policy.

Appellee, who was 51 years of age at the time she quit working, had been a switchboard operator for 31 years. During the last eight years of employment her medical history shows—1949 operation for appendicitis and on female organs, 1952 back trouble for which a back brace, bed board and physical therapy were prescribed, also treatment by an orthopedist, 1955 and 1956 treatment for stress incontinence, 1957 operation by gynecologist for second degree cystocele, second degree rectocele and stress incontinence. She continued to work until shortly before the last operation and has not worked any since.

Although it is questioned by appellant it is readily apparent to us that if appellee became disabled she did so while insured under the group life policy. It is equally apparent that if disability exists it was caused by disease. The only question remaining is whether the jury had before it sufficient evidence to find the appellee wholly disabled and permanently prevented from engaging in any employment for wage or profit.

The jury heard testimony of doctors who said appellee could not perform the duties which she had previously performed and could not perform any gainful work. The surgeon who performed the last operation said her activity must be limited, which he said means, "They have to breathe and walk and they have to do other menial tasks to live, but, certainly no excesses in activity." On the other hand, appellant introduced testimony of a doctor who did not believe she was totally disabled. Thus there was a conflict of evidence which was within the province of the jury to reconcile. Equitable Life Assurance Society of United States v. Austin, 255 Ky. 23, 72 S.W.2d 716. In order to recover on a nonoccupational disability provision it is incumbent upon the insured to show disability to perform any work which may yield gain or profit, and he may not restrict proof only to the work he has previously performed. However, it is not error to show that he is disabled from performing his previous work. Occidental Life Insurance Co. of California v. Harvey, 312 Ky. 661, 229 S.W.2d 466. The question of insured's disability, the extent thereof, its beginning and continuation, are for the jury to determine. Prudential Insurance Co. of America v. Alsobrook, 266 Ky. 442, 99 S.W.2d 210.

■ Here there was ample proof to sustain the verdict of the jury.

■ Appellant also suggests the judgment should be reversed because it allows recovery of the maximum amount, whereas the insurance policy provides for installment payments. The point was not raised in circuit court and may not be raised for the first time on appeal. To avoid possible confusion we note the judgment does not direct recovery of a lump sum, but provides for payment in accordance with the provision of the policy. The appellant is amply protected by the policy provisions should conditions change in the future.

The judgment is affirmed.