# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
May 11, 2004 Session

## STATE OF TENNESSEE v. JEREMY DANIEL LOADER

**Direct Appeal from the Circuit Court for DeKalb County**
**Nos. 02-002 & 01-146    Leon C. Burns, Jr., Judge**

---

**No. M2003-01084-CCA-R3-CD - Filed September 14, 2004**

---

Defendant, Jeremy Loader, pled guilty on July 12, 2002, pursuant to a negotiated plea agreement, to two counts of theft of property over $1,000, a Class D felony, and two counts of arson, a Class E felony in Case No. 02-002. In Case No. 01-146, Defendant pled guilty to two counts of burglary other than a habitation, a Class D felony. The terms of Defendant's plea agreement set the length and manner of service of Defendant's sentence as follows. In Case No. 02-002, Defendant would serve four years on each of the theft of property convictions, all suspended but nine months, and two years for each of the arson convictions, all suspended but 144 days, with Defendant placed on probation for the remainder of his sentences on each count. For Case No. 01-146, Defendant would serve four years for each arson conviction, all suspended but nine months, with Defendant placed on probation for the remainder of his sentences. The sentences in Case No. 02-002 and Case No. 01-146 would be served concurrently for an effective sentence of four years. In exchange, the State withdrew other charges against Defendant. Defendant spent nine months in jail before entering his guilty pleas because he was unable to make bond. The trial court granted Defendant's request for judicial diversion, and Defendant was placed on judicial diversion for a period of six years. Defendant's judicial diversion in both cases was revoked on April 21, 2003, and the trial court sentenced Defendant to an effective sentence of four years in the Tennessee Department of Correction, with pretrial jail credit of nine months, in accordance with the terms of his plea agreement. Defendant does not appeal the revocation of his judicial diversion but argues that the trial court erred in ordering a sentence of confinement. Defendant contends that the terms of his plea agreement called for a sentence of split confinement, with the period of confinement already served, in the event his judicial diversion was subsequently revoked. Alternatively, Defendant argues that the trial court erred in not conducting a sentencing hearing prior to imposing Defendant's sentence. Following a thorough review, we affirm the judgments of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Trial Court Affirmed

THOMAS T. WOODALL, J., delivered the opinion of the court, in which DAVID G. HAYES and JOHN EVERETT WILLIAMS, JJ., joined.

David Brady, District Public Defender; John B. Nisbet, III, Assistant Public Defender; and Joe L. Finley, Jr., Assistant Public Defender, for the appellant, Jeremy Daniel Loader.

Paul G. Summers, Attorney General and Reporter; Helena Walton Yarbrough, Assistant Attorney General; William Gibson, District Attorney General; and William M. Locke, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

This case involves the proper procedure for sentencing a defendant upon the revocation of his or her judicial diversion when the defendant has entered into a negotiated plea agreement prior to being judicially diverted. Both parties argue that Defendant's plea agreement survives the revocation of his judicial diversion but disagree as to how the plea agreement should be interpreted. Defendant maintains that the plea agreement calls for a four-year probated sentence in the event Defendant's judicial diversion is revoked while the State contends that the plea agreement calls for a four-year sentence of confinement upon revocation. Alternatively, Defendant argues that the trial court erred in not conducting a sentencing after finding by a preponderance of the evidence that Defendant had violated the terms of his judicial diversion.

In the proceeding commonly referred to as "judicial diversion," the trial court, upon the entry of a guilty plea, places the defendant on probation without entering a judgment of guilty. Tenn. Code Ann. § 40-35-313(a)(1)(A). If the defendant successfully completes his probation, the trial court is required to dismiss the proceedings against the defendant, and the defendant may apply for expungement of the official records pertaining to his or her case. *Id.* § 40-35-313(a)(2). If, on the other hand, the defendant's probation is revoked, the trial court may enter an adjudication of guilt, "and proceed as otherwise provided." *Id.*

As the State argues, this Court has previously addressed in *State v. Daniel Bilbrey*, No. M2002-01043-CCA-R3-CD, 2004 WL 392587 (Tenn. Crim. App., Nashville, Mar. 3, 2004), *no perm. to appeal filed*, the procedure for sentencing a defendant who has pled guilty pursuant to a negotiated plea agreement after the revocation of his or her judicial diversion. A panel of this Court concluded under the facts in *Bilbrey* that the defendant's negotiated plea agreement survived the revocation of his judicial diversion because the plea agreement contained "'properly articulated sentencing provisions pursuant to Rule 11(e)(1)(C) [of the Tennessee Rules of Criminal Procedure.]'" *Id*, 2004 WL 392587, *6, (quoting *State v. Nkobi I. Dunn,* No. E2001-02120-CCA-R3-CD, 2002 WL 31863292, at *3 (Tenn. Crim. App., Knoxville, Dec. 3, 2002) (Witt, J., concurring), *no perm. to appeal filed*. As a result, under the provisions of the Sentencing Act, the trial court in *Bilbrey* was authorized to proceed to sentence the defendant in accordance with the terms of his negotiated plea agreement without conducting a separate sentencing hearing. *Bilbrey*, 2004 WL 31863292, at *6, citing Tenn. Code Ann. §§ 40-35-203(b) and -205(d); *State v. Johnson,* 15 S.W.2d 515, 519 (Tenn. Crim. App. 1999).

In the case *sub judice*, Defendant entered into a negotiated plea agreement which contained specific sentencing provision in accordance with Rule 11(e)(1)(C). Defendant's plea agreement called for an effective sentence of four years in Cases No. 02-002 and 01-146. Defendant's sentences were suspended, and he was placed on probation after a specified period of confinement which had already been served. Defendant requested and was granted judicial diversion. The order granting diversion provided that Defendant's sentences in Case Nos.02-002 and 01-146 were deferred until July 12, 2008, and Defendant was placed on probation for six years under the supervision of Community Corrections. Defendant's judicial diversion was revoked on April 21, 2003 after a finding by the preponderance of the evidence that Defendant had failed to abide by the terms of his house arrest and failed to report to his probation supervisor as required. Under the facts presented in this case, we find that the trial court properly proceeded to sentence Defendant in accordance with the terms of his negotiated plea agreement without conducting a separate sentencing hearing after Defendant's judicial diversion was revoked. *See Bilbrey*, 2002 WL 392587, at *6.

We next turn to the interpretation of the sentencing provisions of Defendant's plea agreement. Defendant argues that he agreed to a probated sentence in exchange for his guilty plea which was deferred when Defendant was placed on judicial diversion. Under Defendant's view, the trial court should have placed Defendant on probation for an effective term of four years after revoking his judicial diversion. In other words, Defendant considers judicial diversion as a form of alternative sentencing distinguishable from probation. In *Bilbrey*, however, this Court observed that

> [t]he term "judicial diversion" is an appellation used by the courts to distinguish it from section 40-15-105 pretrial diversion and is not used in the governing statute. Tenn. Code Ann. § 40-35-313; *Norris*, 47 S.W.3d at 462. Tennessee Code Annotated section 40-35-313 is a probation statute with the distinguishing feature that the trial court may grant probation under this section without entering a judgment of guilt. *Norris*, 47 S.W.3d at 462. Obviously judicial diversion is a more favorable form of probation than serving one's sentence through an ordinary probation, but judicial diversion is nonetheless a probationary sentence. *Compare* Tenn. Code Ann. § 40-35-313 *with* §40-35-303. An allegation that a diversionary probation has been violated must follow the same procedures as those used for an alleged violation of an ordinary probation. *State v. Alder*, 108 S.W.3d 263, 266 (Tenn. Crim. App. 2002), citing *Johnson*, 15 S.W.3d at 519. Upon finding by a preponderance of the evidence that a defendant has violated the terms of his or her probation, the trial court may revoke the probation and suspension of sentence "and cause the defendant to commence the execution of the judgment as originally entered." Tenn. Code. Ann. § 40-35-311(e).

*Bilbrey*, 2004 WL 392587, at 7.

In the instant case, Defendant received his agreed upon probated sentence when he was placed on judicial diversion with the additional benefit that the entry of an adjudication of guilt was delayed during the term of his probation. Defendant conceded that he subsequently violated the

-3-

terms of his probation. Upon finding by a preponderance of the evidence that Defendant had violated the terms of his probation, the trial court properly revoked Defendant's probation and ordered a sentence of confinement in accordance with the terms of Defendant's negotiated plea agreement. *See Bilbrey*, 2004 WL 392587, at \*7. Defendant is not entitled to relief on this issue.

## CONCLUSION

The judgments of the trial court are affirmed.

_____
THOMAS T. WOODALL, JUDGE